Weygandt, C. J.
 

 The basis of the defendant’s contention is the failure of the plaintiff to allege that he has returned or offered to return the consideration of $900 received by him from the defendant when the-release was executed.
 

 The controversy is simplified by the helpful and proper agreement of counsel that the alleged misconduct of the defendant does not involve fraud in the
 
 factum
 
 rendering the release void. Rather, it is the complaint of the plaintiff that the conduct of the defendant constituted fraud in the inducement rendering the release merely voidable. Apparently the Court of Appeals misunderstood the position of counsel,'because in its opinion the court said:
 

 “The instant case is not one where we áre obliged to distinguish between fraud in the execution, of a settlement and release of a claim accomplished by some device or trick, or where there is want of capacity, and fraud in the inducement where the execution of the instrument relied on or settlement made was accomplished by false and fraudulent representations. In the former case the instrument is void and in respect thereto it is not necessary to return or offer to return the consideration received before maintaining an action on the original claim, whereas in the latter situation, where the settlement or release is voidable, the consideration must be returned or, at least, tendered as a condition precedent to the maintenance of an action on the original claim. ’ ’
 

 
 *4
 
 Contrary to the first part of that statement, this is a case in which it is imperative that this very distinction be kept.clearly in mind.. However, the latter part of the paragraph is a correct expression of the general rule which is summarized as follows in 23 Ruling Case Law, 411, Sections 41 and 42, under the subject of “Release ’ ’:
 

 “To some extent the cases may be reconciled by dividing them into two classes — those in which the fraud is in the treaty, and those in which the fraud is in the factum. Within the first of these classes of cases are those in which the plaintiff, while admitting that he released his claim for damages and received a consideration therefor, asserts that he was induced to do so by the defendant’s fraud or misrepresentation. The fraud relates not to the nature or purport of the release, but to the facts inducing its execution, as, for instance, where there is a misrepresentation as to the nature or extent of the plaintiff’s injuries. With respect to such cases, a majority of the recent decisions support the view that in order to enable the releasor to repudiate the release and to prosecute his original cause of action, he must return or tender the consideration received by him. * * *
 

 “Where there is fraud in the factum, the failure to return or tender the money received does- not preclude the plaintiff from prosecuting his original cause of action. ’ ’
 

 The following similar resume of the general rule appears in 53 Corpus Juris, 1232, Section 50:
 

 ‘ ‘ While there is a disagreement among the decisions, and they have been said to be in square and hopeless conflict, the weight of authority is to the effect that, subject to qualifications and exceptions to be pointed out, if a person executes a release and afterward seeks to avoid its effect on any ground that will entitle him
 
 *5
 
 to avoid it, he must first restore the
 
 status quo
 
 by restoring, tendering, or offering to restore what he has received in return for the release, if it is of value; but there is authority to the effect that such restoration •or tender need not be made. The amount paid for the release should be credited on the verdict or judgment rendered. Some authorities have distinguished between a void release, the validity of which may be contested without a restoration or tender of the consideration, and a voidable one, the validity of which may not be contested without such restoration or tender; or, .as otherwise stated, between a release as to which there is fraud in the factum, in which case the release is void and no return or tender is necessary, and one as to which there is fraud in the treaty, in which the release is voidable only, and can be contested only after return or tender. Thus, it has been held that where there is fraud in the procurement or execution of the release, it is void, and its validity may be attacked without restoration or tender; and a release •has been held void and subject to attack without restoration or tender, in the absence of a meeting of the minds, as where there was no knowledge on the part of the releasor of the nature of the instrument, or no intention on his part to sign a release or such a release ns the one executed. It has been held that the fraud which will obviate the necessity of a return or tender is active or positive or actual and intentional fraud.”
 

 The rule in Ohio is similarly summarized in 35 Ohio' Jurisprudence, 288, Section 50, as follows:
 

 “In the case of tort actions, the rules established 'by the authorities vary from the general one that the releasor cannot maintain an action of damages for the injuries sustained until he has had the release rescinded in an equitable proceeding instituted for that purpose to the rule representing the opposite
 
 *6
 
 extreme that he may repudiate the release and bring an action for the injuries without returning or tendering back the money paid him as a consideration for-executing-the release.
 

 “In Ohio, the necessity of tender depends upon the-character of fraud involved, that is, whether it renders the release void or merely voidable. In the former-ease, a tender of the consideration is not necessary to-maintain the action on the original cause of action; in-the latter case it is. In other words, the releasor must offer to place the releasee
 
 in statu quo.”
 

 In the syllabus in the case of
 
 Manhattan Life Ins. Co.
 
 v.
 
 Burke,
 
 69 Ohio St., 294, 70 N. E., 74, 100 Am. St. Rep., 666, this court held:
 

 “1. Where at the time of a compromise of a claim1 founded on a contract of life insurance, a dispute exists betweén the parties as to the liability of the company in any sum whatever, it denying that anything is-owing, and an amount less than the claim is paid to the-claimant in settlement of the controversy, and he executes a full acquittance and release, and surrenders-the policy, an action at law on the policy cannot be maintained without a return or a tender of the amount ieceived, even though the party’s assent to the settlement was obtained by the fraudulent representations of the other party, and the amount received as the-settlement is in the petition credited as a payment on the policy.
 

 “2. Where in such case the contract of settlement is pleaded as a defense, a reply which simply alleges-that the settlement was induced by fraud, but does not allege a payment or tender of the amount received, is-not responsive to the answer, and is insufficient in-law.”
 

 And in the first paragraph of the syllabus in the case of
 
 Perry
 
 v.
 
 M. O’Neil & Co.,
 
 78 Ohio St., 200, 85 N. E., 41, this court said:
 

 
 *7
 
 “A release of a cause of action for damages for personal injuries, that is void, is not a bar to such an action, and the plaintiff may, if it is set up by answer as a bar to his right of action, by reply aver the facts that make it void; but if it is not void, but only voidable, he •cannot maintain his action until the release is set ••aside.”
 

 However, the plaintiff insists that the rule is not applicable because he has elected to sue for damages for the alleged fraud. But a study of his amended petition discloses specifications of negligence and allegations as to personal injuries, pain, suffering and loss •of wages resulting therefrom. Hence, although the plaintiff has injected the matter of fraud, the original basic elements of his case — negligence, injury and proximate cause — remain unchanged, and there seems to be no persuasive reason for the application of a •different rule. The simple addition of the claim of fraud cannot be regarded as a bit of legerdemain by which the plaintiff somehow has eliminated any of the •original elements of negligence, injury and proximate ■cause. Should he fail in his proof as to either negligence or proximate cause, he obviously cannot recover even though there may have been misrepresentation as to the nature and extent of his injuries:
 

 In any event, a release is a contract, and where a person with full understanding of its character executes a release and receives a consideration therefor, there is no more reason why he should be excused from returning or tendering the consideration received, than in other cases where a rescission is sought. Otherwise, if a trial should result in a finding of no liability on the part of the defendant, the plaintiff still would have money belonging to the defendant.
 

 Inasmuch as the plaintiff’s amended’ petition contains no allegation that he returned or tendered the
 
 *8
 
 money lie received from the defendant in consideration for the release, the trial court properly sustained' the demurrer. The judgment of the Court of Appeals is reversed and that of the Court of Common. Pleas is affirmed.
 

 Judgment reversed.
 

 Matthias, Hart, Stewart and Taft, JJ., concur.