WOYMA, APPELLEE, *v.*
CIOLEK, ADMR., APPELLANT.

(No. 46640—Decided November 7, 1983.)

*Mr. Roger D. Heller,* for appellee.
*Mr. Timothy T. Reid,* for appellant.

PRYATEL, J. Plaintiff-appellee, Ann Marie Woyma, filed suit against appellant's decedent, Herman Shackelford, alleging damages resulting from Shackelford's negligent operation of his motor vehicle. Woyma requested the trial court to set aside a release signed by the parties, on the grounds of mutual mistake. The court set aside the release and the jury awarded $22,500 to Woyma. We affirm for the reasons set forth in this opinion.

Woyma was a schoolteacher and in March 1977 was driving some of her pupils to the Justice Center for a field trip. She was stopped at a red light on East 30th Street when Herman Shackelford drove his car into the rear of Woyma's car. Shackelford was cited for driving while intoxicated.

Woyma was wearing her seat belt and shoulder harness. She was jolted and her head jerked back and forth, then hit the steering wheel. She had no visible signs of injury. After making the police report, Woyma and the children were examined at St. Vincent Charity Hospital and released.

Woyma had a headache and some neck pain for two to three days after the accident. These pains subsided, but the headaches returned a week or two later. Woyma did not at that time associate these later headaches with the accident.

Woyma was involved in a second car accident in April 1977. She did not suffer any symptoms from this second accident and did not seek medical attention.

Shackelford's insurance company. paid the expenses incurred by Woyma to repair her car. The insurance company also paid her $25 for personal injuries after Woyma signed a release stating that she terminated all claims for personal injury against Shackelford for the March 1977 accident. The $25 was for a $10 X-ray bill not covered by Woyma's insurance, as well as $15 for the pain and suffering caused by the three days of headaches and neck pain. The insurance company computed this amount on the basis of Woyma's statement on the claim form that she had been treated for a stiff neck. No possibility of major injury was discussed.

The release form was mailed to Woyma who signed and returned it without consulting an attorney. She believed that she was not injured and no doctor had informed her of any possible injury.

In July 1978, Woyma began suffering from symptoms later diagnosed to be caused by the March 1977 accident with Shackelford. Woyma developed severe pain in her right elbow and arm, and later in her shoulders and neck. She then developed back pain, and her hands began to swell. She also suffered from dizzy spells. Woyma can no longer stand up straight. These symptoms were found to be a result of a latent back injury caused by the accident with Shackelford.

Woyma has been receiving treatment for the symptoms since July 1978. At the time of trial, she had incurred $1,200 in medical expenses and had been seen by doctors on at least thirty occasions. Prior to trial Woyma moved to set aside the release. To support her motion she presented the deposition of her treating physician, as well as three witnesses who testified concerning the effect of the injuries on Woyma's lifestyle. Appellant presented no witnesses on this motion. The trial court found the release to be based on mutual mistake. The case was tried before a jury which awarded Woyma $22,500. Appellant cites a single assignment of error in this appeal:

"The trial court erred in voiding the release where plaintiff had full opportunity to read the release and where plaintiff

had negotiated and accepted payment for her claim."

Woyma signed a release that stated in part as follows:

"It is further understood that the injuries and damages and the legal liability therefor are disputed and denied, and that this release is to compromise and terminate all claims for both known and unknown injuries and damages [of] whatever nature, including all future developments thereof, in any way growing out of or connected with or which may hereafter in any [way] grow out of or be connected with said accident, and that all agreements and understandings between the parties in reference thereto are embodied herein."

The stated consideration for this release was $25. Shackelford's negligence was stipulated at trial and no errors were assigned or found by this court concerning the jury trial and award. The sole issue is whether the release was correctly set aside.

The Supreme Court of Ohio has held that the strict terms of releases are not controlling, and the releasee cannot circumvent the powers of equity to correct mistakes. *Sloan v. Standard Oil Co.* (1964), 177 Ohio St. 149, at 152 [29 O.O.2d 255]. Thus, a release may be avoided where the releasor can show that said release was executed by mutual mistake, as between the releasor and the releasee, of a fact material to the release, such as the nature, extent or gravity of the releasor's injury. *Sloan, supra,* at 152, citing 76 Corpus Juris Secundum (1952) 645, Release, Section 25.

The dispositive inquiry in each case is the intent of the parties. *Sloan, supra,* at 152. Thus, the Supreme Court set forth a number of factors to be considered in determining the intent of the parties at the time the release was signed:

"* * * Stated favorably to the party seeking rescission or cancellation, these factors are: The absence of bargaining and negotiating leading to settlement; the releasee is clearly liable; absence of discussion concerning personal injuries; the contention that the injuries were in fact unknown at the time the release was executed is reasonable; an inadequate amount of consideration received compared with the risk of the existence of unknown injuries (see *Casey v. Proctor, supra* [(1963), 59 Cal. 2d 97, 378 P.2d 579], and authorities cited therein); haste by the releasee in securing the release (annotation, 71 A.L.R. [2d], 82, 169 [1960]); and the terms of the release exclude the injuries alleged (annotation, 71 A.L.R. [2d], 82, 156 [1960])." *Sloan, supra,* at 153.

In applying these factors to the case before us, we find that the trial court correctly set aside the release.

There was very little discussion between Woyma and Shackelford's insurance claim adjuster, Lois Petrunek. The telephone calls between Woyma and Petrunek generally centered on the names of the children in the car, what medical bills were going to be submitted, and the property damage to Woyma's car. The discussions did not appear to involve any attempts to bargain or negotiate a sum for the relinquishment of all future physical injury claims. Instead, Petrunek and Woyma only discussed the medical bills already incurred. The releasee, Shackelford, was clearly liable and this fact was not disputed at trial. The third factor, absence of discussion of personal injuries, is also present. No mention of possible future development of injury was made by either Petrunek or Woyma. The injuries in question were in fact unknown to both parties at the time the release was signed, and the amount of consideration ($25) was extremely inadequate to compensate for the risk of unknown future injuries.

Thus, we find the *Sloan* case to be controlling. The facts in *Sloan* were very similar to those in this case: the plaintiff was in a car accident and had experienced only headaches and a stiff neck prior to

signing a release such as the one Woyma signed; twelve months after the accident the plaintiff was operated on for a ruptured cervical disc, which was found to be a result of the auto accident. The *Sloan* case has been cited with approval in a number of tort situations. See, *e.g., Swenson* v. *Ewy* (1978), 54 Ohio St. 2d 470; *Friedland* v. *Lipman* (1980), 68 Ohio App. 2d 255, 260 [22 O.O.3d 422]. We find no reason to depart from its holding. Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.[1]

*Judgment affirmed.*

CORRIGAN, P.J., and JACKSON, J., concur.

---

[1] Appellant, in the second part of his brief, argues that Woyma's failure to read the release is not grounds for setting aside the release. Since neither the trial court nor this court set aside the release on that ground, that issue is not addressed here.