**HARCHICK et al., Appellants,**

**v.**

**BAIO, Appellee.**

[Cite as *Harchick v. Baio* (1989), 62 Ohio App.3d 176.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55244.

Decided April 24, 1989.

*Edward A. Heffernan,* for appellants.

*Martin J. Murphy,* for appellee.

---

JOHN F. CORRIGAN, Judge.

Plaintiffs-appellants, George M. and Rose Harchick, appeal from an order granting summary judgment to defendant-appellee, Barbara L. Baio, and assign two errors for our review. As we find one of the assignments of error to be well-taken, we reverse.

## I

On July 13, 1983, George Harchick was involved in an automobile accident with Barbara Baio. The next day, William Harris, a claims representative for Baio's insurer, Westfield Insurance Co., requested that Harchick meet with him.

Harris conducted a tape-recorded interview of Harchick at this meeting and the following exchange took place:

"Q. And did you receive any injuries in the accident?

"A. I received I have an arthritic condition which ah aggravated it.

"Q. Have you had any medical treatment?

"A. At this point I havent [*sic*]. I have headaches, but at this point I'm trying to see if it will work itself out."

Following the tape-recorded interview, Harchick provided Harris with two estimates for repairs to his vehicle, one for $1,639.73 and one for $1,898.79. Harris then tendered a check to Harchick for $1,735.75 and Harchick signed a form releasing all claims against Baio.[1]

---

1. Harris did not record the conversation which occurred during this portion of the meeting.

Subsequently, Harchick allegedly learned that he had sustained a cervical nerve root injury and a fractured cervical disc as a result of the accident. Thereafter, he and his wife filed a two-count complaint which initiated this action. In count one, George Harchick seeks compensation for his injuries and, in count two, Rose Harchick seeks compensation for loss of consortium.

In her answer, Baio set forth the affirmative defense that the action was barred by the release, and on November 11, 1987, she moved for summary judgment on this basis.

Baio's motion was supported by an affidavit from Harris which indicated that after the interview, Harchick "agreed to settle the case and not make a claim for an injury; whereupon the parties negotiated a settlement in the sum of One Thousand Seven Hundred Thirty–Five Dollars and Seventy–Three Cents ($1,735.73)." Harris' affidavit further indicated that he had explained to Harchick that the release was for "all claims."

Harchick's counsel filed a brief in opposition to Baio's motion supported by both the transcript of the interview with Harris, and by an affidavit from George Harchick, which indicated that the release was for property damages only.

On January 20, 1988, the trial court granted Baio's motion for summary judgment and the Harchicks timely commenced this appeal.

## II

Appellants assign two errors for our review. As both have a common basis in law, we shall consider them together:

"The trial court erred in granting summary judgment where a genuine issue of material fact exists as to whether appellant George M. Harchick was fraudulently induced to execute the release of his claims against appellee.

"The trial court erred in granting summary judgment where a genuine issue of material fact exists as to whether the release signed by appellant George M. Harchick was executed by mutual mistake."

The rendering of summary judgment is governed by Civ.R. 56(C), which provides in pertinent part, as follows:

" * * * Summary judgment shall be rendered forthwith *if* the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that *there is no genuine issue as to any material fact* and that the moving party is entitled to judgment as a matter of law." (Emphasis added.)

Thus, summary judgment may only be rendered where there is no genuine issue of material fact. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. Moreover, the moving party has the burden of proving that this requirement is met. *State Department of Public Welfare v. Licsak* (1974), 41 Ohio App.2d 165, 170, 70 O.O.2d 325, 328, 324 N.E.2d 589, 593. The party opposing the motion, on the other hand, is entitled to have the evidence construed in his favor. *Citizens Ins. Co. v. Burkes* (1978), 56 Ohio App.2d 88, 95, 10 O.O.3d 119, 123, 381 N.E.2d 963, 967.

In reviewing a motion for summary judgment, this court must likewise construe the evidence in a light most favorable to the party opposing the motion. *Morris v. Ohio Cas. Ins. Co.* (1988), 35 Ohio St.3d 45, 47, 517 N.E.2d 904, 907.

## A

With respect to the substantive law regarding a claim of fraud in the inducement of a release, it is clear that a release which is fraudulently induced may be avoided if the releasor has returned the consideration he received for the release. *Picklesimer v. Baltimore & Ohio RR. Co.* (1949), 151 Ohio St. 1, 38 O.O. 477, 84 N.E.2d 214, paragraph two of the syllabus; *Stone v. Rocky River* (Oct. 31, 1985), Cuyahoga App. No. 49434, unreported, 1985 WL 8539.

In this case, appellants did not establish that they returned the $1,735.75 which they received when the release was executed. Accordingly, appellants' assignment of error which relates to their contention of fraud in the inducement must be rejected. Accord *Stone v. Rocky River, supra.*

## B

With respect to the substantive law regarding a claim of mutual mistake in executing a release, it is clear that a mutual mistake as to the full extent of the releasor's injuries is a defense to a release, if the parties did not intend to relinquish all future claims. *Sloan v. Standard Oil Co.* (1964), 177 Ohio St. 149, 29 O.O.2d 355, 203 N.E.2d 237, paragraph one of the syllabus; *Woyma v. Ciolek* (1983), 11 Ohio App.3d 288, 290, 11 OBR 518, 519, 465 N.E.2d 486, 488.

Further, a factual dispute as to whether the parties intended that the release bar all future claims is a material issue which must be determined by the trier of fact. *Sloan v. Standard Oil Co., supra,* at paragraph two of the syllabus; *Prada v. Nationwide Mut. Ins. Co.* (Dec. 2, 1982), Cuyahoga App. No. 44809, unreported, 1982 WL 2568.

Moreover, factors to be considered in determining the parties' intent at the time the release was executed include "[t]he absence of bargaining and negotiating leading to settlement; the release is clearly liable; absence of discussion concerning personal injuries; the contention that the injuries were in fact unknown at the time the release was executed is reasonable; an inadequate amount of consideration received compared with the risk of the existence of unknown injuries (see *Casey v. Proctor, supra* [ (1963), 59 Cal.2d 97, 28 Cal.Rptr. 307, 378 P.2d 579], and authorities cited therein); haste by the releasee in securing the release (annotation, 71 A.L.R. [2d], 82, 169 [1960] ); and the terms of the release exclude the injuries alleged (annotation, 71 A.L.R. [2d], 82, 156 [1960] )." *Sloan v. Standard Oil Co., supra,* 177 Ohio St. at 153, 29 O.O.2d at 358, 203 N.E.2d at 240.

■ Applying these factors to the present case, we find that the record presents a genuine issue of material fact as to whether the parties were mutually mistaken. First, there is the suggestion of the releasee's liability if the Harchicks can establish that Baio struck the Harchick vehicle as alleged in the complaint. Second, while Harchick's personal injuries were briefly discussed before the release was executed, Harchick indicated that he was going to wait to evaluate them. Third, given the nature of Harchick's alleged injuries, it would be reasonable for both Harchick and Harris to be ignorant of their full extent at the time the release was signed. In addition, Harchick received only the cost of repairing his vehicle, which suggests that he was also given inadequate consideration for agreeing to waive both known and unknown personal injuries. Further, Harris, the releasee, did act swiftly in securing the release, as he obtained it one day after the collision. Finally, it is undisputed that the release does exclude the injuries alleged in Harchick's complaint.

In light of the foregoing, we conclude that the evidence presented poses a genuine issue of material fact as to whether Harchick's release of both the property and personal injury claims was the result of mutual mistake. Accordingly, the second assignment of error is well-taken and the judgment of the trial court is reversed.

*Judgment accordingly.*

DYKE, P.J., and PARRINO, J., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.