FLEMMINGS, Appellant,

v.

KNISLEY et al., Appellees.

[Cite as *Flemmings v. Knisley* (1993), 86 Ohio App.3d 651.]

Court of Appeals of Ohio,
Butler County.

No. CA92–06–096.

Decided March 8, 1993.

---

*Pratt & Buchert* and *Gregory K. Pratt,* for appellant.

*Young & Alexander Co., L.P.A.,* and *Mark R. Chilson,* for appellees.

WILLIAM W. YOUNG, Judge.

Plaintiff-appellant, Samuel Flemmings, appeals from an order of the Butler County Common Pleas Court granting summary judgment in favor of defendants-appellees, Melody Knisley and Melody's Floral Designs.

On July 22, 1989, appellant was involved in an automobile accident with Melody Knisley. Following the accident, appellant filed a claim with Knisley's automobile insurer, State Farm Mutual Automobile Insurance Company ("State Farm"), as a result of the damage that his automobile suffered from the accident. On three separate occasions, appellant met with Paul Ankram, a claims representative for State Farm. On August 29, 1989, they finally reached an agreement whereby State Farm agreed to pay appellant $500 in consideration for appellant's signed release of all his claims against appellees and State Farm. It is undisputed that during the negotiations, neither party discussed the issue of personal injuries that appellant might have suffered, nor did either party believe that appellant had suffered any personal injuries as a result of the accident. Moreover, Ankram stated in his deposition that he offered appellant $500 in order to cover appellant's property damage claim, not to pay off any personal injury claim.

Sometime after signing the release form, appellant allegedly began to suffer injuries to his spine, neck and legs. Appellant thereafter filed suit against appellees seeking damages for the injuries that he allegedly suffered as a result of the automobile accident. In their answer, appellees set forth the affirmative defense that appellant's action was barred by the release. On April 2, 1991, appellees moved for summary judgment on that basis. Appellant filed a memorandum in opposition to appellees' motion for summary judgment, claiming that the trial court should set aside the release on the ground of mutual mistake. He also filed his own motion for summary judgment, submitting that he was entitled to judgment on the issue of liability.

The trial court filed an opinion on April 3, 1992, overruling appellant's motion for summary judgment and granting appellees' motion. The court concluded that the release executed between the parties reflected appellant's intent to release all claims arising out of the accident, including those injuries known and unknown at the time that the release was executed. From the lower court's decision, appellant has timely commenced this appeal, asserting the following three assignments of error:

Assignment of Error No. 1:

"The trial court erred to the prejudice of plaintiff/appellant in granting to defendants/appellees summary judgment."

Assignment of Error No. 2:

"The trial court erred to the prejudice of plaintiff/appellant in failing to grant to plaintiff/appellant summary judgment."

Assignment of Error No. 3:

"The trial court erred to the prejudice of plaintiff/appellant in ruling that, after an *in camera* review, the documents requested by plaintiff/appellant through valid discovery methods were properly denied to plaintiff/appellant."

Since appellant's first two assignments of error essentially contend that the trial court erred by failing to set aside the release, we shall consider them together. The release in question contains the following pertinent language:

"The undersigned hereby releases and forever discharges Melody Knisley, her heirs, executors, administrators, agents and assigns, and all other persons, firms, or corporations liable or who might be claimed to be liable, none of whom admit[s] any liability to the undersigned but all expressly deny any liability from any and all claims, demands, damages, actions, causes of actions or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from an accident that occurred on or about the 22nd day of July, 1989 at or near South Main in Middletown, Ohio.

" * * *

"Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise, adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident."

Appellant has based his appeal upon the principle espoused in *Sloan v. Std. Oil Co.* (1964), 177 Ohio St. 149, 29 O.O.2d 355, 203 N.E.2d 237, wherein the Ohio Supreme Court held that:

"A release may be avoided where the releasor can establish by clear and convincing evidence that it was executed by mutual mistake, as between himself and the releasee, of a past or present fact material to the release, as where there was a mutual mistake as to the existence of any injury of the releasor, unless it appears further that the parties intended that claims for all injuries, whether known or unknown at the time of the execution of the release, be relinquished." *Id.* at paragraph one of the syllabus.

It is appellant's contention that at the time of the execution of the release, there existed a mutual mistake of fact as to the existence of his personal injuries.

Appellees argue that the release in the instant action specifically provides that appellant releases and discharges appellees from all claims relating to all known and unknown injuries which resulted from the accident. Thus, appellees submit, and the trial court agreed, that since the release is clear and unambiguous as to the intent of the parties, the release should not be set aside on the ground of mutual mistake. We disagree with appellees' analysis. Having carefully reviewed *Sloan* and its progeny, we are of the opinion that the trial court's and appellees' reading of *Sloan* is too restrictive.

The court in *Sloan* specifically stated that "[t]he dispositive inquiry of each case is what did the parties intend." *Id.* at 152, 29 O.O.2d at 357, 203 N.E.2d at 240. In answering this question, the court concluded that the strict terms found in a release are not conclusive when determining whether the parties to a release actually intended to discharge liability for both known and unknown injuries. Thus, in addition to the release itself, a court must look at the facts in each case to determine whether the parties intended that all claims for injuries be relinquished or whether the release was in fact executed by mutual mistake of a fact material to the release, such as the nature, extent or gravity of the releasor's injury. *Id.* The factors to be considered in determining the parties' intent at the time the release was executed include:

"The absence of bargaining and negotiating leading to settlement; the releasee is clearly liable; absence of discussion concerning personal injuries; the contention that the injuries were in fact unknown at the time the release was executed is reasonable; an inadequate amount of consideration received compared with the risk of the existence of unknown injuries * * *; haste by the releasee in securing the release * * *; and the terms of the release exclude the injuries alleged * * *." *Sloan, supra,* 177 Ohio St. at 153, 29 O.O.2d at 358, 203 N.E.2d at 240.

In granting summary judgment in favor of the appellees, the trial court failed to consider the above factors. The court looked only to the language found in the release when determining the parties' intent. As previously mentioned, appellees contend that a trial court need go no further than the release itself in determining intent unless the language in the release is ambiguous and unclear. However, Ohio courts have concluded that even in cases where the release is unqualified and absolute in its terms, the factors found in *Sloan* must be considered, along with the release, when determining if the release was executed by mutual mistake. See *Swenson v. Ewy* (1978), 54 Ohio St.2d 470, 8 O.O.3d 456, 377 N.E.2d 519; *Harchick v. Baio* (1989), 62 Ohio App.3d 176, 574 N.E.2d 1160; *Woyma v. Ciolek* (1983), 11 Ohio App.3d 288, 11 OBR 518, 465 N.E.2d 486.

In a case factually similar to the instant action, the Eighth District Court of Appeals relied on *Sloan* to set aside a release that was signed between the

insurance company and the accident victim. See *Ciolek, supra.* In *Ciolek,* the releasor was struck from behind at an intersection and suffered damage to her automobile. After the releasor signed a release stating that she terminated all claims for both *known* and *unknown* injuries of whatever nature, the insurance company paid the releasor $25 for any personal injuries she may have suffered as a result of the accident. The releasor subsequently began to suffer from injuries later diagnosed to have been caused by the accident. Thereafter, the releasor filed suit against the operator of the other motor vehicle. Prior to trial, the releasor moved to set aside the release. The trial court found the release to be based on mutual mistake and therefore set it aside. On appeal, the Eighth District affirmed the trial court finding that *Sloan* was controlling.

The *Ciolek* court found that the strict terms of releases are not controlling, and that the releasee cannot circumvent the powers of equity to correct mistakes. Even though the release was unqualified and absolute in its terms with respect to claims relating to known and unknown injuries, the Eighth District held that "a release may be avoided where the releasor can show that said release was executed by mutual mistake, as between the releasor and the releasee, of a fact material to the release, such as the nature, extent or gravity of a releasor's injury." *Id.* at 290, 11 OBR at 519, 465 N.E.2d at 488.

Thus, in ascertaining whether the trial court correctly set aside the release, the *Ciolek* court applied the factors set forth in *Sloan* in order to determine the intent of the parties at the time the release was signed.

 In light of the foregoing, we conclude that the Butler County Common Pleas Court erred in failing to consider the requisite factors before ruling on the parties' respective motions for summary judgment. We therefore find appellant's first and second assignments of error to be with merit and remand the instant action to the trial court with instructions to apply the factors set forth in *Sloan* to ascertain whether the evidence presented warrants the setting aside of the release based on mutual mistake.

 Appellant submits in his third and final assignment of error that the trial court erred by denying his motion to compel State Farm to produce its procedure manual. Appellant claims that the manual might have been relevant in showing that the release was signed as a result of State Farm's alleged fraudulent action.

The trial court denied appellant's motion, finding that "there is nothing [in the manual] that would indicate that it would provide any probative or reliable information which would assist the plaintiff [appellant] in setting aside the release signed by him." Having reviewed the relevant documents, we do not believe that the trial court abused its discretion in denying appellant's motion. *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 63 O.O.2d 88, 295 N.E.2d 659. The

instant action has been remanded to the trial court to determine whether the release should be set aside on the ground of mutual mistake, not on the ground of fraud. Thus, the trial court's refusal to allow discovery was neither improvident nor did it prejudicially affect the substantial rights of appellant. *Id.* Accordingly, appellant's final assignment of error is overruled.

The judgment of the trial court is hereby reversed and the cause is remanded to the trial court. We instruct the trial court to apply the factors set forth in *Sloan* before ruling on the parties' respective motions for summary judgment.

*Judgment reversed*
*and cause remanded.*

KOEHLER, P.J., and WALSH, J., concur.