OPINION
The plaintiff-appellant, Mark S. Carnes ("the appellant"), appeals from the trial court's judgment directing a verdict in favor of the defendants-appellees, David F. Downing, individually, and Jackson Livestock Auctions, Inc. ("JLA"), in an action to set aside an insurance release.
The pertinent facts and procedural history of the case are as follows. On February 18, 1997, a truck driven by David Downing collided with the rear of a vehicle driven by the appellant. At the time of the accident, Downing was in the employ of JLA.
The next day, the appellant visited his doctor and was diagnosed as having suffered a sprained lumbar as a result of the accident. Later that day, the appellant met with Bill Wingfield, a property claims representative from Nationwide Insurance Company ("Nationwide"), and received a check for the damage caused to his vehicle.[1] The appellant subsequently met with Pamela Phelps, a senior claims representative with Nationwide. The appellant signed a release in which he accepted $250, as well as payments pursuant to a benefits schedule for medical and other expenses including lost wages, to release the appellees from any claims arising from the accident.
Sometime after signing the release, the appellant allegedly began to experience severe back pain. The appellant was later diagnosed as having suffered a severe back injury, which required extensive treatment, including surgery.[2]
On February 17, 1999, the appellant filed a complaint against the appellees seeking to recover damages for the injuries he had suffered as a result of the automobile accident. In their amended answer filed on April 30, 1999, the appellees set forth the affirmative defense that the action was barred by the release.
On July 19, 1999, the appellees filed a motion for summary judgment in which they raised the release as a defense. The appellant filed a brief in opposition, arguing that the release should be set aside on the basis that a mutual mistake of fact existed at the time the release was executed as to the extent of the injuries he had received in the accident. By judgment entry of September 27, 1999, the trial court overruled the appellees' motion for summary judgment.
On February 2, 2000, the appellees filed a motion to bifurcate, requesting a separate jury trial to determine whether the release should be set aside on the grounds of mutual mistake. The trial court granted the appellees' motion, and the case was bifurcated at trial.
A jury trial was then held to determine whether Nationwide had executed a valid release. At the conclusion of the appellant's evidence, the appellees moved for a directed verdict, which the trial court denied. Subsequent to closing arguments and the instructions to the jury, the appellees again moved for a directed verdict. The trial court declined to address the appellees' motion pending the outcome of the jury verdict, which ultimately found that the appellant had executed a valid release. Although the jury had found in favor of the appellees, the trial court nonetheless granted the appellees' motion for a directed verdict. The appellant now appeals, asserting two assignments of error.
For purposes of clarity, we will address the appellant's second assignment of error first.
 Assignment of Error No. II The jury verdict was against the manifest weight of the evidence, in that the evidence showed that the Defendants were clearly liable, Plaintiff's injuries were unknown at the time the release was executed, the consideration he received was inadequate compared to the risk of the existence of unknown injuries, the Defendants sought a release just one day after the accident, and the terms of the release did not include Plaintiff's injuries which were discovered later.
 In his second assignment of error, the appellant maintains the jury's verdict finding that the appellant had executed a valid release was against the manifest weight of the evidence. For the following reasons, we do not agree.
It is well-settled that a release of a cause of action is ordinarily an absolute bar to a later action on any claim encompassed within the release. Haller v. Borror (1990), 50 Ohio St.3d 10,13, citing Perry v. M. O'Neil Co. (1908), 78 Ohio St. 200. There are, however, exceptions to the rule. For instance, a release may be set aside where the releasor proves the release was procured by fraud or was the product of mutual mistake. Haller,50 Ohio St.3d at 13.
To avoid a release on the grounds of mutual mistake, the releasor must establish by clear and convincing evidence that it was executed by mutual mistake as between himself and the releasee, as where there was a mutual mistake as to the existence of any injury of the releasor, unless it appears further that the parties intended that claims for all injuries, whether known or unknown at the time of the execution of the release, be relinquished. Sloan v. Standard Oil (1964), 177 Ohio St. 149,153. In order to determine the parties' intent, a court must not only look at the release and the facts of the case, but also the following factors:
 The absence of bargaining and negotiating leading to settlement; the releasee is clearly liable; absence of discussion concerning personal injuries; the contention that the injuries were in fact unknown at the time the release was executed is reasonable; an inadequate amount of consideration received compared with the risk of the existence of unknown injuries * * *; haste by the releasor in securing the release * * *; and the terms of the release exclude the injuries alleged * * *.
 In the case herein, the jury considered the foregoing factors prior to reaching its decision, and concluded that the appellant had executed a valid release. It is well-settled that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts. State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
Having conducted a thorough review of the record, we find the jury's verdict is supported by competent, credible evidence that the parties had intended the claims for all injuries, known or unknown at the time of the execution of the release, be relinquished. The evidence adduced at trial affirmatively establishes the parties had intended to release all claims and the appellant was aware that by executing the release, all present and future claims would be extinguished. Therefore, the jury's verdict finding the appellant had failed to establish by clear and convincing evidence the release had been executed by mutual mistake was not against the manifest weight of the evidence.
Accordingly, the appellant's second assignment of error is not well-taken and is overruled.
 Assignment of Error No. I The trial court erred in granting Defendants' motion for directed verdict, in that one need not return consideration received prior to having a release set aside as the product of a mutual mistake.
 In his first assignment of error, the appellant maintains the trial court erred in granting the appellees' motion for a directed verdict. Civ.R. 50(A)(4) provides the standard for a directed verdict and states, in pertinent part, as follows:
 When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
 Thus, it is the duty of a trial court to submit an essential issue to the jury when there is sufficient evidence relating to that issue to permit reasonable minds to reach different conclusions on that issue or, conversely, to withhold an essential issue from the jury when there is not sufficient evidence relating to that issue to permit reasonable minds to reach different conclusions on that issue. O'Day v. Webb
(1972), 29 Ohio St.2d 215.
In his brief, the appellant asserts the trial court erred in directing a verdict in favor of the appellees because the court incorrectly concluded that, prior to setting aside a release on the grounds of mutual mistake, a releasor is obligated to tender back the consideration he received in exchange for executing the release. Because the evidence adduced at trial affirmatively established the appellant had not tendered back the consideration he had received from Nationwide, the trial court directed a verdict in favor of the appellees. See Judgment Entry p. A2. We must now determine whether the trial court erred in directing a verdict in favor of the appellees upon this issue.
This matter is one of first impression for this Court. Therefore, we must turn to our sister courts for guidance on this particular issue. In Pizzino v. Lightning Rod Mutual Ins. Co.
(1994), 93 Ohio App.3d 246, the Eighth District Court of Appeals implicitly held that a tender back of consideration is not required in order to set aside a release on the grounds of mutual mistake.
In Pizzino, the releasor sought to set aside a release entered into with her insurer as a result of an accident with an uninsured motorist. Subsequent to the execution of the release, the releasor learned that she had suffered a herniated disk in her back. The Court rejected the releasor's initial claim that the release should be set aside on the basis of fraud in the inducement, because the record did not affirmatively demonstrate that she had tendered back the consideration she had received in exchange for executing the release.
In reaching its decision, the Court recognized the long-standing principle that prior to setting aside a release on the grounds of fraud in the inducement, the releasor must tender back the consideration received in exchange for executing the release. See, e.g., Picklesimer v. Baltimore Ohio RR. Co.
(1949), 151 Ohio St. 1; see, also, Haller, 50 Ohio St.3d at 13
(holding that prior to setting aside a release on the grounds of fraud in the inducement, the releasor must tender back the consideration received in exchange for executing the release and that a releasor need not tender back the consideration received in exchange for executing a release upon an allegation of fraud in the factum).
Upon disposing of the releasor's initial claim, the Court nonetheless set aside the release on the grounds of mutual mistake, even where the Court had previously determined the releasor had not tendered back the consideration the releasor had received in exchange for executing the release. See, also,Harchick v. Baio (1989), 62 Ohio App.3d 176 (finding a genuine issue of material fact as to whether, at the time of the execution of the release, the parties were mutually mistaken where releasor had not tendered back the consideration received for executing the release).
Having found no controlling authority in support of the proposition that prior to setting aside a release on the grounds of mutual mistake, the releasor need tender back the consideration he or she received in exchange for executing the release, we hold otherwise. We agree with the Eighth District Court of Appeals and find that prior to setting aside a release on the grounds of mutual mistake, the releasor is under no obligation to tender back the consideration he or she received in exchange for executing the release.
For the foregoing reasons, we find the trial court erred in directing a verdict in favor of the appellees upon this issue. Nonetheless, in the interests of justice, we reinstate the jury verdict rendered in favor of the appellees upon the issue of the validity of the execution of the release.[3]
Accordingly, the appellant's first assignment of error is well-taken and is sustained, and we reverse the judgment entered in the Logan County Court of Common Pleas, and remand this cause to that court for further proceedings consistent with this opinion.
SHAW and BRYANT, JJ., concur.
[1] Nationwide is not a party to this action.
[2] In October 1998, the appellant underwent spinal fusionsurgery.
[3] We note that the trial judge did not instruct the jury thatprior to setting aside a release on the grounds of mutual mistake,a releasor is obligated to return the consideration he or shereceived in exchange for executing the release.