JOURNAL ENTRY AND OPINION
{¶ 1} Sarah Coble appeals from an order of Judge Michael J. Russo that granted a motion to stay, pending arbitration, her complaint against appellees Toyota of Bedford ("Toyota") and several of its employees for Consumer Trade Practice Act violations,[1] fraud, and conspiracy. She claims the arbitration clause in her automobile lease is unconscionable and unenforceable, that the judge erred by not holding the motion for stay in abeyance pending the outcome of further discovery, and that he failed to receive evidence about the enforceability of the clause. We affirm.
 {¶ 2} From the record we glean the following: On June 20, 2002, Coble obtained a 2002 Celica from Toyota through a lease agreement that stated in part:
"By signing below, you agree that at the request of either youor us any controversy or claim (described in Section 44 of thisLease) between you and us shall be determined by neutral bindingarbitration by either National Arbitration Forum ("NAF") orJ*A*M*S/Endispute ("J*A*M*S"), (the "Administrator") inaccordance with: (i) the Federal Arbitration Act; (ii) theAdministrator's rules and procedures in effect at the time theclaim is filed; and (iii) the rules set forth in Section 44 ofthis Lease. By initialing this Section, you acknowledge that youhave read, understand and agree to the terms of this Section andSection 44."[2]
 {¶ 3} Section 44 states in part:
"Arbitration — Except as set forth below, any controversy orclaim between you and us, including any claim by you against anyof our parents, wholly or majority owned subsidiaries,affiliates, predecessors, successors, servicers and assigns; andall of the officers, directors and employees of such entities,shall at the request of either you or us, be determined byneutral binding arbitration by one of the followingAdministrators selected by you: National Arbitration Forum("NAF") . . . or JAMS/Endispute . . . in accordance with: (i) theFederal Arbitration Act; (ii) the Administrator's rules andprocedures in effect at the time the claim is filed; and (iii)the rules set forth in this Section. If you fail to select anAdministrator within twenty (20) days from the request forarbitration, we will select one. You agree that the right toelect arbitration as set forth herein, can be exercised, to theextent permitted by law, by any third party providing any productor service in connection with this Lease only if such third partyis named as a co-defendant with us in a claim asserted by you.Any claims arising out of or relating to the Lease or any relatedagreements or relationships resulting therefrom are subject toarbitration, including, but not limited to: claims relating tothe negotiation of the Lease, advertising or solicitation to theLease, Lease charges, Least termination, violations of theConsumer Leasing Act, state leasing and disclosure laws, federalor state consumer protection statutes or regulations; enforcementof any obligation under the Lease; and whether a matter issubject to this Arbitration Agreement...."
 {¶ 4} Shortly thereafter she attempted to rescind the contract but was unsuccessful and, approximately three months later she filed a complaint against the dealership and three of its employees. Toyota moved to stay the proceedings citing the arbitration clause, the judge granted the motion and this appeal followed on assignments of error set forth on appendix A.
 STANDING TO ENFORCE A VALID AGREEMENT TO ARBITRATE {¶ 5} Coble contends that because Toyota assigned her lease agreement to Toyota Lease Trust it had no evidence that it retained any rights under that agreement to utilize arbitration or to seek a stay. Toyota, however, points to Section 44 of the agreement which provides that "any party to the Lease may bring an action * * * to compel arbitration of any controversy or claim in which this Section applies . . ." Coble, within this assertion that the judge erred in granting the stay, alludes that the written agreement to arbitrate must be valid before a stay can be granted but fails to support this contention with facts.
 {¶ 6} We review a decision to stay the proceedings pending arbitration under an abuse of discretion standard.[3] An abuse of discretion implies that the judge's attitude was unreasonable, arbitrary, or unconscionable.[4] Public policy encourages arbitration as a method to settle disputes,[5] and a presumption arises favoring arbitration when the claim in dispute falls within the scope of the arbitration provision.[6] Therefore, a judge should give effect to an arbitration provision in a contract "unless it may be said with positive assurance that the subject arbitration clause is not susceptible to an interpretation that covers the asserted dispute."[7]
 {¶ 7} Arbitration is governed by R.C. 2711.02 which states in relevant part:
"If any action is brought upon any issue referable toarbitration under an agreement in writing for arbitration, thecourt in which the action is pending, upon being satisfied thatthe issue involved in the action is referable to arbitrationunder an agreement in writing for arbitration, shall onapplication of one of the parties stay the trial of the actionuntil the arbitration of the issue has been had in accordancewith the agreement, provided the applicant for the stay is not indefault in proceeding with arbitration."
 {¶ 8} Throughout the course of litigation, Coble has asserted fraudulent inducement claims about the contract itself, not that she was fraudulently induced to signing the arbitration provision. As we recognized in Krafcik v. USA EnergyConsultants:[8]
 "A claim that the contract containing the arbitration clausewas induced by fraud does not defeat a motion to compelarbitration unless the claimant can demonstrate specifically thatthe arbitration clause itself was fraudulentlyinduced."[9]
 {¶ 9} The rationale behind this rule is that a broad arbitration clause requires that the question of fraud in the inducement of the contract itself be subject to arbitration.[10] Therefore, the only relevant issue is whether the arbitration clause itself was fraudulently induced, and Coble makes no such claim. Whether a release of liability is void or voidable upon an allegation of fraud is dependent on the nature of the fraud alleged, and Coble confuses fraud in the factum with fraud in the inducement. Haller v. BorrorCorp.[11] provides an example of fraud in the inducement and fraud in the factum.
"A release is obtained by fraud in the factum where anintentional act or misrepresentation of one party precludes ameeting of the minds concerning the nature or character of thepurported agreement. Thus, when the actions or representations ofthe releasee so impair the mind and judgment of the releasor thathe fails to understand the nature or consequence of his release,there has been no meeting of the minds."[12]
 {¶ 10} A release obtained by fraud in the factum is void ab initio, while a release obtained by fraud in the inducement is merely voidable upon proof of fraud.[13]
 {¶ 11} Where device, trick, or want of capacity produces "`no knowledge on the part of the releasor of the nature of the instrument, or no intention on his part to sign a release or such a release as the one executed,'" there has been no meeting of the minds.[14] In cases such as these, the act or representation of one party against the other constitutes fraud in the factum and renders the release obtained void ab initio.
 {¶ 12} Where, however, there is mere misrepresentation by one party of the contents of a release, the agreement is not void for fraud in the factum when the releasor has an opportunity to read and understand the document before execution. "A person of ordinary mind cannot say that he was misled into signing a paper which was different from what he intended to sign when he could have known the truth by merely looking when he signed. * * * If a person can read and is not prevented from reading what he signs, he alone is responsible for his omission to read what he signs."[15]
 {¶ 13} So long as the releasor understands the nature and character of his act of release and that the releasee will no longer be liable on the claims concerned, or has an opportunity to do so, the fraud is in the inducement only and does not constitute a basis to find the agreement void.[16] Coble alleges in her complaint that Toyota: (1) inflated the manufacturer's suggested retail price ("MSRP"), (2) misrepresented her financial ability to lease and not purchase the car, and (3) failed to attach the manufacturer's label to the car. She never claims that she was unaware that she was signing a lease or that she was unable to read and understand the agreement prior to signing. She only claims that she was fraudulently induced into signing the contract based on Toyota's misrepresentations. This is fraud in the inducement, making any alleged fraud still subject to arbitration. There is no error in granting Toyota's motion to stay. This third assignment of error lacks merit.
 UNCONSCIONABILITY OF THE ARBITRATION CLAUSE {¶ 14} Coble expands upon the previous assignment of error and asserts it was error to grant the motion to stay because the arbitration provision was unconscionable and unenforceable. Although there is a presumption favoring the enforcement of an arbitration clause within a contract, it is not enforceable if it is found to be unconscionable.[17] Under Ohio law, a contract clause is unconscionable where there is the absence of meaningful choice on the part of one of the parties to a contract, combined with contract terms that are unreasonably favorable to the other party.[18] In making such a determination, we apply a two-part test: (1) are there unfair and unreasonable contract terms, i.e., "substantive unconscionability;" and (2) are there individualized circumstances surrounding each of the parties to a contract such that no voluntary meeting of the minds was possible, i.e., "procedural unconscionability."[19] Satisfying one prong of the test and not the other precludes a finding of unconscionability.[20]
 {¶ 15} Coble claims unconscionablity because of the cost imposed by arbitration, but she provided no evidentiary material to the judge to demonstrate the unconscionablity of the arbitration provision and there is nothing in the record to support the elements of the unconscionability test. Because there was no evidence of disputed facts on one prong of the unconscionability test, there was no error in granting the motion to stay.
 {¶ 16} Additionally, the issue of unconscionability was raised for the first time on appeal, meaning that this issue was never properly before the judge. A party cannot assert new legal theories for the first time on appeal.[21] Appellant did not raise these issues at the trial court level and has waived the assertion of any error on appeal.[22] This fourth assignment of error lacks merit.
 EVIDENCE AGAINST THE ENFORCEABILITY OF THE ARBITRATION PROVISION. {¶ 17} In her first and second assignments of error, Coble contends that the judge should have permitted her to obtain discovery and receive evidence about the enforceability of the arbitration clause before granting the stay. Although below she challenged Toyota's standing to raise the defense of arbitration, she again failed to raise the issue of unconscionability at the trial level or assert that further discovery was necessary to prove the lack of enforceability. She moved to compel Toyota to "File Better Answers," however, none of the requested answers related to the arbitration provision which she now seeks to void.
 {¶ 18} To overcome the presumption favoring arbitration, it was necessary for Coble to raise the issue of unconscionablity and the need for further discovery before the judge. On its face, the arbitration provision provides that all questions about whether the contract is itself subject to arbitration are to be resolved in arbitration.
 {¶ 19} Section 44 of the Lease contract, entitled "Arbitration", provides in part:
"Any claims arising out of or relating to the Lease or anyrelated agreements or relationships resulting therefrom aresubject to arbitration, including, but not limited to: claimsrelating to the negotiation of the Lease, advertising orsolicitation to the Lease, Lease charges, Lease termination,violations of the Consumer Leasing Act, state leasing anddisclosure laws, federal or state consumer protection statues orregulations; enforcement of any obligation under the Lease; andwhether a matter is subject to the ArbitrationAgreement."[23]
 {¶ 20} Therefore, "in the face of a valid arbitration clause, questions regarding the validity of the entire contract must be decided in arbitration."[24] The judge was not required to permit further discovery on an issue that was never raised.
 {¶ 21} The judgment is affirmed.
Judgment affirmed.
Frank D. Celebrezze Jr., and Timothy E. McMonagle, JJ., concur.
 ASSIGNMENTS OF ERROR "I. The Trial Court erred by denying plaintiff's request tohold defendants' motion for stay in abeyance until discoverycould be conducted."
 "II. The Trial Court erred by compelling arbitration withoutreceiving evidence relating to the enforceability of thearbitration clause."
 "III. The Trial Court erred in granting the motion to stay."
 "IV. The Trial Court erred by staying plaintiff's claimsagainst defendants when the arbitration provision wasunconscionable and unenforceable."
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] R.C. 1345.01 et seq.
[2] Lease Agreement, Section 21.
[3] Harsco Corp. v. Crane Carrier Co. (1997),122 Ohio App.3d 406, 410, 701 N.E.2d 1040.
[4] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
[5] Schaefer v. Allstate Ins. Co. (1992), 63 Ohio St.3d 708,711-12, 590 N.E.2d 1242; Bellaire City Schools Bd. of Edn. v.Paxton (1979), 59 Ohio St.2d 65, 70, 391 N.E.2d 1021; Griffithv. Linton (1998), 130 Ohio App.3d 746, 750-51, 721 N.E.2d 146.
[6] Williams v. Aetna Finance Co., 83 Ohio St.3d 464,1998-Ohio-294, 471, 700 N.E.2d 859.
[7] Neubrander v. Dean Witter Reynolds, Inc. (1992),81 Ohio App.3d 308, 311, 610 N.E.2d 1089.
[8] (1995), 107 Ohio App.3d 59, 63, 667 N.E.2d 1027.
[9] Id. citing In re Mgt. Recruiters Internatl., Inc. v.Nebel (N.D. Ohio, 1991), 765 F. Supp. 419, 420.
[10] Prima Paint Corp. v. Flood Conklin Mfg. Co. (1967),388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270.
[11] (1990), 50 Ohio St.3d 10, 13, 552 N.E.2d 207, 210.
[12] Id.
[13] Id. citing Picklesimer v. Baltimore Ohio RR. Co.
(1949), 151 Ohio St. 1, 84 N.E.2d 214.
[14] Picklesimer v. Baltimore Ohio RR. Co.,151 Ohio St. at 5, 84 N.E.2d at 216.
[15] Dice v. Akron, Canton Youngstown RR. Co. (1951),155 Ohio St. 185, 191, 98 N.E.2d 301, 304, reversed, cited by Hallerv. Borror Corp., supra.
[16] Haller v. Borror Corp., supra.
[17] Sutton v. Laura Salkin Bridal Fashions (Feb. 5, 1998), Cuyahoga App. No. 72107.
[18] Collins v. Click Camera Video, Inc. (1993),86 Ohio App.3d 826, 834, 621 N.E.2d 1294.
[19] Sikes v. Ganley Pontiac Honda, (Sept. 13, 2001), Cuyahoga App. No. 79015, citing Collins v. Click Camera Video,Inc., supra.
[20] DePalmo v. Schumacher Homes, Stark App. No. 2001CA272, 2002-Ohio-772.
[21] See Shover v. Cordis Corp. (1991), 61 Ohio St.3d 213,220, 574 N.E.2d 457 (It is axiomatic that issues not properly presented to the trial court for consideration may not be considered on appeal.)
[22] Nozik v. Kanaga (Dec. 1, 2000), Lake App. No. 99-L-193.
[23] Emphasis added.
[24] Krafcik, supra, citing Weiss v. Voice/Fax Corp.
(1994), 94 Ohio App.3d 309, 313, 640 N.E.2d 875. See, also,Smith v. Snap-On Tools Corp. (Jan. 6, 1993), Hamilton App. No. C-910902.