**Finch v. Kabana**
*[Cite as 2 AOA 156]*

*Case No. 1-88-59*
*Allen County, (3rd)*
*Decided March 22, 1990*

*Messrs. Quatman, Quatman & Quatman, Mr. George B. Quatman, 327 North Elizabeth Street, Lima, Ohio 45801, For Appellants.*

*Messrs. Baran, Piper, Tarkowsky & Fitzgerald, Mr. Robert B. Fitzgerald, 905 Bank One Tower, 121 West High Street, P.O. Box 568, Lima, Ohio 45802-0568, For Appellee.*

BRYANT, J.

This is an appeal from a judgment of the Court of Common Pleas of Allen County granting Defendant-Appellee's, Paul Kabana's, motion for summary judgment.

Barbara Finch, Ronald's wife, originally named a party plaintiff in the complaint, has been dismissed from the action by separate entry and is not a party to this appeal.

On approximately January 28, 1985, Appellee and Appellant, Ronald Finch, were involved in an automobile accident. Appellant suffered bodily injury and damage to his automobile.

Appellant filed a complaint on November 21, 1986 for his personal injuries arising from the accident. On January 5, 1988, Appellee filed a motion for summary judgment asserting the defense of a release. The motion was supported by an affidavit executed by Appellee's claims adjuster who obtained the release. Appellant filed a reply to the motion for summary judgment asserting by affidavit that the release was only for accrued medical expenses and wages lost to date.

The trial court granted Appellee's motion for summary judgment. It is from this judgment Appellant now appeals asserting one assignment of error.

Appellant's sole assignment of error is:
THAT THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT.

Summary judgment is controlled by Civ. R. 56(C), stating in part:
"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to *any material fact* and that the moving party is entitled to judgment as a matter of law." (emphasis added.)

"In requesting a summary judgment under Civ. R. 56, the moving party has the burden of showing that no issue exists as to any material fact." *State* v. *Licsak* (1974), 41 Ohio App. 2d 165, syllabus. "A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." Civ. R. 56(C). The party opposing the motion for

summary judgment is entitled to have the evidence or stipulation construed most strongly in his favor.

The evidence in support of Appellee's motion for summary judgment consists of the release document and the claims adjuster's affidavit. Appellant's evidence against the motion for summary judgment consists of the Appellant's affidavit, Appellant's deposition, Appellant's wife's deposition, and Appellant's written statement to the insurance agent.

Appellee claims that the release was properly executed by Appellant with his full understanding of the contents. Appellant claims that he believed he was signing a document required for him to receive compensation for his then accrued medical expenses and lost wages only.

The trial court reached the following determination:

"Specifically, the court finds that it is uncontroverted that Ronald D. Finch executed a release on March 19, 1985 for the damages he sustained as a result of an automobile collision on January 28, 1985. The release is clear and unambiguous and inures to the benefit of '... Erie Insurance Group hereafter referred to as the releasee(s), and any and all other persons, ... which I/we now have or may hereafter have ....' Mr. Finch plainly released Mr. Kabana under the circumstances of this matter. *Connelly v. U.S. Steel Corp.* (1954), 161 Ohio St. 448".

We have reviewed *Connelly* and *Adams Express Co. v. Beckwith* (1919), 100 Ohio St. 348, from which *Connelly* is derived. We have also reviewed several cases factually similar to the case before us. See *Harchick v. Baio* (April 13, 1989), Cuyahoga App. No. 55244 (unreported); *Hodge v. Drummond* (June 6, 1979), Hamilton App. No. C-780233 (unreported); *Held v. Brunow* (March 26, 1976), Erie App. No. E-75-44 (unreported).

We reject Appellee's argument that Appellant was required by procedure to assert fraud or mistake in the execution of the release in conjunction with the complaint or suffer dismissal of his claim for relief upon assertion of the release as an affirmative defense. Under the present rules of civil procedure, it is not necessary to assert fraud or mistake at the time of the filing of the complaint in order to challenge the release at a later time.

For a full explanation of the development and application of the civil rules regarding traverse of affirmative defenses we defer to *Hodge, supra* and *Held, supra.*

The line of decisions descending from *Adams Express Co.* established the doctrine that "[i]n the case of a release that is unqualified and absolute in its terms, a presumption arises that the injury has been fully satisfied. This presumption may be rebutted by the express reservation of rights against other parties or the release may be avoided under the powers of equity, where the releasor can establish by clear and convincing evidence that it was executed by mutual mistake. (citations omitted)" *Whitt v. Hutchison* (1975), 43 Ohio St. 2d 53, 60. See also *Sloan v. Standard Oil Co.* (1964), 177 Ohio St. 149. The *Connelly* decision cited by the trial court and Appellee does not appear to have been cited by any other court since the establishment of the civil rules for the proposition relied upon in this case. We decline to accept the interpretation of *Adams* as promulgated in *Connelly.* We believe the better interpretation is developed through *Sloan* and *Whitt.*

Upon the conclusion that plaintiff is attempting to rebut the defense of a release, we now test the requirements for summary judgment upon the undisputed material facts of this case. Summary judgment requires there be no genuine issue as to any *material fact.* "Where an alleged fact... is not a material fact and which, even if proved, would not entitle the plaintiff to recover, such alleged fact is an immaterial fact and not within the meaning of the term 'genuine issue as to any material fact'." *Clark v. Meigs Equipment Co.* (1967), 10 Ohio App. 2d 157, 161. The factual question as to whether the release in this case was properly executed without fraud or mistake is material because a determination of fraud or mistake would vitiate the release and allow Appellant to proceed on his personal injury claim. The resolution of this factual determination of the issue of equitable rescission rests upon the credibility of Appellant versus the credibility of the claims adjuster. "Issues of credibility should be determined by the trier of the facts and are not properly within the province of a hearing on a motion for summary judgment." *Duke v. Sanymetal Products Co.* (1972), 31 Ohio App. 2d, 78, syllabus. Additionally, there is authority that "[a] meritorious defense based on ... release raises a material issue of fact that will preclude the granting of summary judgment." 85 O Jur. 3d Summary Judgment and Judgment on the Pleadings Section 43.

We have determined that Appellee has not met the burden of showing there is no genuine issue of material fact. Therefore, Appellant's assignment of error is sustained.

For the reasons stated above and upon the authorities cited and discussed, the judgment of the Court of Common Pleas of Allen County is reversed and remanded to that court for further proceedings.

*Judgment reversed.*

SHAW, P.J., and GUERNSEY, J., Concur.

J. THOMAS GUERNSEY, J., retired, of the Third Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.