**LUTZICK, Appellant,**

**v.**

**BENTZEN et al., Appellees.**

[Cite as *Lutzick v. Bentzen* (1996), 115 Ohio App.3d 239.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70590.

Decided Oct. 7, 1996.

*Paul W. Yates Co., L.P.A.,* and *Paul W. Yates,* for appellant.

*Michael F. Cunningham, Marillyn Fagan Damelio* and *Barbara R. Munro,* for appellees.

*Per Curiam.*

Plaintiff-appellant John Lutzick appeals the grant of summary judgment in favor of defendant-appellee Barbara Munro in a negligence action brought for injuries received by appellant in an automobile accident.

Appellant assigns the following error for review:

"The trial court committed reversible error in granting summary judgment based on a release where a genuine issue of material fact exists as to whether the

release signed by appellant was executed by mutual mistake as to the nature, extent and gravity of appellant's injuries."

Finding the appeal to have merit, we reverse the judgment of the trial court.

## I

On June 2, 1994, appellant's automobile was stopped in traffic on Detroit Road in Westlake. An automobile driven by Barbara Munro collided with the rear of a vehicle driven by Virginia Bentzen, pushing Bentzen's automobile into the rear of appellant's car. On June 7, 1994, appellant signed a release in which he accepted $550 to release Munro from any claims arising from the accident. The release further provided for "[a]ll reasonable expenses for medical, dental or surgical treatment, ambulance, hospital, professional nursing and prosthetic devices incurred within 6 months following the accident and caused by it not to exceed in total for any one person $1,500.00."

On July 5, 1995, appellant filed a complaint against Bentzen and Munro seeking to recover for injuries he received in the accident. Bentzen later was dismissed from the suit. Munro filed a motion for summary judgment in which she raised the release as a defense. Appellant filed a brief in opposition, arguing that a mutual mistake of fact existed at the time the release was executed as to the extent of any injuries he received in the accident. Appellant attached an affidavit in which he averred that the insurance representative had told appellant that he was there to estimate appellant's property damage and that there was no discussion regarding the extent of appellant's injuries before the release was executed. Appellant claimed that he believed he suffered only from a stiff neck and did not know what his injuries were. The trial court granted Munro's motion for summary judgment, finding no genuine issues of material fact in dispute and that appellant had released all claims in writing.

## II

In his assignment of error, appellant contends that the trial court erred in granting Munro's motion for summary judgment, as a genuine issue of material fact exists as to whether there was a mutual mistake as to his injuries at the time the release was executed. Appellant argues that at the time the release was signed, five days after the accident, he believed he had not suffered any personal injuries due to the accident. Appellant maintains that this mistake of fact was mutual as to the nature, extent, or gravity of his injuries. Appellant states that the only discussion he had with Munro's insurance representative was in regard to property damage only and not personal injury.

This case was decided by summary judgment. Civ.R. 56(C) provides that summary judgment is proper if the trial court determines that "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. Summary judgment is a procedural device designed to terminate litigation and to avoid a formal trial where there is nothing to try. *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615. Summary judgment is not appropriate where the facts are subject to reasonable dispute when viewed in a light favorable to the nonmoving party. *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 104, 19 OBR 261, 264, 483 N.E.2d 150, 154. The moving party is entitled to summary judgment if the nonmoving party fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273.

In *Sloan v. Std. Oil Co.* (1964), 177 Ohio St. 149, 29 O.O.2d 355, 203 N.E.2d 237, Sloan's automobile was struck from behind by an employee of Standard Oil. Sloan experienced pain at the time of the collision and had a soreness in his neck and shoulders for a week or more afterwards. Sloan did not believe he had been injured beyond a stiff neck and received $20.19 to compensate him for the damage to his vehicle. Sloan signed a release that included any causes of action for personal injuries. Six months after the accident Sloan experienced a tingling sensation in the fingers of his left hand. He eventually discovered that he had ruptured a cervical disc in the accident.

The court found that a mutual mistake of fact existed regarding the extent of Sloan's injuries and set aside the release. The court held:

"1. A release may be avoided where the releasor can establish by clear and convincing evidence that it was executed by mutual mistake, as between himself and the releasee, of a past or present fact material to the release, as where there was a mutual mistake as to the existence of any injury of the releasor, unless it appears further that the parties *intended* that claims for all injuries, whether known or unknown at the time of the execution of the release, be relinquished. (*O'Donnel v. Langdon,* 170 Ohio St. 528, 11 O.O.2d 331, 166 N.E.2d 756, overruled.)

"2. Whether the parties to a release actually intended to discharge all liability is a question of fact for the trier of the facts.

"3. The terms of a release cannot circumvent the powers of equity to correct mistakes." (Emphasis *sic.*) *Id.*, paragraphs one, two, and three of the syllabus.

The court stated that the dispositive inquiry is what the parties intended to release and stated certain factors to be considered in attempting to determine intent. Those factors are:

"The absence of bargaining and negotiating leading to settlement; the releasee is clearly liable; absence of discussion concerning personal injuries; the contention that the injuries were in fact unknown at the time the release was executed is reasonable; an inadequate amount of consideration received compared with the risk of the existence of unknown injuries (see *Casey v. Proctor* [1963], [59 Cal.2d 97, 28 Cal.Rptr. 307, 378 P.2d 579], and the authorities cited therein); haste by the releasee in securing the release (annotation, 71 A.L.R.[2d], 82, 169 [1960] ); and the terms of the release exclude the injuries alleged (annotating 71 A.L.R.[2d] 82, [1960] )." *Id.*, 177 Ohio St. at 153, 29 O.O.2d at 358, 203 N.E.2d at 240.

In the instant case, the release was signed only five days following the accident. It appears that Munro was liable based on how the accident occurred and her lack of any denial of liability. Appellant's affidavit is the only evidence before this court concerning the negotiations or the intent of the parties. Appellant averred that personal injuries were not discussed and that he thought that his stiff neck was the extent of his injuries. Appellant's contention that he was unaware of the extent of his injuries seems reasonable due to the short interval of time between the accident and the execution of the release.

The release does provide for $1,500 in compensation for medical expenses incurred within six months of the accident that are attributable to the accident. Munro argues that this provision proves that personal injuries were contemplated. However, there is no evidence aside from appellant's affidavit regarding any discussion of personal injuries. There is no evidence as to when appellant discovered his injuries or why $1,500 would be an adequate amount.

In *Woyma v. Ciolek* (1983), 11 Ohio App.3d 288, 11 OBR 518, 465 N.E.2d 486, this court found that a release may be avoided where there apparently was no discussion of the relinquishment of all future physical injury claims and $25 was paid for personal injuries. There was no mention of possible future development of injury. In *Harchick v. Baio* (1989), 62 Ohio App.3d 176, 574 N.E.2d 1160, a release was signed covering all claims after an amount covering property damage was paid. Harchick later learned that he had sustained a cervical nerve root injury and a fractured cervical disc in the accident. This court held that a genuine issue of fact existed as to whether the parties intended the release to bar all future claims. This court also held that a genuine issue of material fact existed in *Pizzino v. Lightning Rod Mut. Ins. Co.* (1994), 93 Ohio App.3d 246, 638

N.E.2d 146, where the parties believed incorrectly that Pizzino could recover future medical expenses and neither party knew that Pizzino had suffered a herniated disc.

These cases are somewhat distinguishable from the instant case, as the release signed by appellant has a provision for medical claims manifesting themselves within six months subsequent to the accident. However, even if the terms of a release appear to be unqualified and absolute, a trial court must consider the factors found in *Sloan* along with the language of the release when determining if the release was executed by mutual mistake. *Flemmings v. Knisley* (1993), 86 Ohio App.3d 651, 655, 621 N.E.2d 764, 766. See, also, *Swenson v. Ewy* (1978), 54 Ohio St.2d 470, 8 O.O.3d 456, 377 N.E.2d 519. There is no indication in the record that the trial court considered the factors set forth in *Sloan* before rendering its decision. Further, the intent of the parties is a question of fact. *Sloan, supra,* 177 Ohio St. at 153, 29 O.O.2d at 358, 203 N.E.2d at 240. As pointed out in *Finch v. Kabana* (1990), 67 Ohio App.3d 29, 32, 585 N.E.2d 963, 964–965, the factual question of whether a release was executed without a mutual mistake is material because a determination of a mistake would vitiate the release.

There is a genuine issue of fact as to the intent of the parties in executing the release in issue as to whether they contemplated the extent of any physical injuries suffered by appellant and whether the release was to include appellant's claim for personal injury.

Appellant's assignment of error is sustained.

*Judgment reversed*
*and cause remanded.*

SPELLACY, C.J., O'DONNELL and PATTON, JJ., concur.