DECISION.
{¶ 1} Plaintiff-appellant, Kimberly Schamer, appeals the judgment of the Hamilton County Court of Common Pleas dismissing her claims for age discrimination and libel against defendant-appellee, Western and Southern Life Insurance Company. For the following reasons, we affirm the judgment of the trial court in part, reverse it in part, and remand the cause for further proceedings.
 {¶ 2} On June 20, 2003, Schamer filed a complaint alleging that she had been terminated from her employment at Western and Southern on July 24, 2002. She contended that the termination was based upon her age, in violation of R.C. 4112.02 and 4112.14.
 {¶ 3} Schamer also claimed that, as a condition of her employment, she had been required to register as a securities representative and to complete a document of registration called a Form U-4. After she had been terminated from her employment, Western and Southern had filed a document called a Form U-5 with the Ohio Department of Insurance. According to the complaint, the Form U-5 had initially indicated that Schamer had been terminated for "failure to meet individual goals" but had later been amended to indicate that the termination was the result of her "falsification of daily appointment records." Schamer alleged that the latter statement in the U-5 was libelous.
 {¶ 4} Western and Southern filed a motion to dismiss the complaint pursuant to Civ.R 12(B)(1) and 12(B)(6). The company claimed that the age-discrimination claim was barred because Schamer had elected to file a claim with the Ohio Civil Rights Commission, and that the claim had been filed after the expiration of the 180-day statute of limitations set forth in R.C. 4112.02(N).
 {¶ 5} As for the libel claim, Western and Southern first noted that the Form U-5 had been filed with the National Association of Securities Dealers and not the Ohio Department of Insurance. Western and Southern conceded that it had filed the form with the allegedly libelous statement, but it contended that Schamer had released any claims arising from the filing of the form.
 {¶ 6} In support of its motion, Western and Southern submitted to the court the Form U-4 that Schamer had executed. The Form U-4 provided, "I [Schamer] authorize all of my employers and any other person to furnish to any jurisdiction or organization or any agent acting on its behalf, any information they have, including my creditworthiness, character, ability, business activities, educational background, general reputation, history of my employment and, in the case of former employers, complete reasons for my termination. Moreover, I release each employer, former employer and each other person from any and all liability, of whatever nature, by reason of furnishing any of the above information, including that information reported on the Uniform Termination Notice for Securities Industry Registration (Form U-5)."
 {¶ 7} Schamer acknowledged that she had filed her age-discrimination claim after the expiration of the statute of limitations and that she had filed a claim with the Ohio Civil Rights Commission, but she argued that the 180-day limitations period set forth in R.C. 4112.02(N)[1] and the provision in R.C. 4112.08 governing the election of remedies were unconstitutional. She also argued that the release embodied in the Form U-4 was unconscionable and that the parties did not contemplate a release of liability for false and malicious statements.
 {¶ 8} The trial court granted Western and Southern's motion and dismissed Schamer's complaint in its entirety. Schamer now argues, in a single assignment of error, that the trial court erred in granting the motion.
 {¶ 9} We first address Schamer's argument that the trial court erred in granting the motion to dismiss on the basis that the complaint had been filed after the expiration of the statute of limitations. For a complaint to be dismissed for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.[2] Because statute-of-limitation issues generally involve mixed questions of law and fact, Civ.R. 12(B)(6) is usually not the appropriate vehicle for challenging a complaint on that ground.[3] Still, a motion to dismiss based upon the bar of the statute of limitations may be granted where the complaint shows definitively on its face that the action is time-barred.[4] This court reviews de novo a dismissal under Civ.R. 12(B)(6).[5]
 {¶ 10} In the case at bar, Schamer concedes that the complaint, on its face, established that the 180-day limitations period had expired. She contends, though, that the limitations period set forth in R.C. 4112.02(N) violates the Equal Protection Clauses of the United States Constitution and the Ohio Constitution in that it provides a shorter limitations period for age-discrimination claims than for other forms of discrimination proscribed in R.C. 4112.02, namely discrimination based upon race, color, religion, sex, national origin, disability, or ancestry.
 {¶ 11} We find no merit in Schamer's claim. It is fundamental that a court must "presume the constitutionality of lawfully enacted legislation."[6] Thus, legislation "will not be invalidated unless the challenger establishes that it is unconstitutional beyond a reasonable doubt."[7]
 {¶ 12} As Western and Southern notes, and as Schamer agrees, age is not a suspect classification for equal-protection purposes, and, therefore, we must apply the rational-basis test to the classification.[8] The determination of whether a classification bears a rational relationship to a legitimate state interest depends upon whether any state of facts, either known or that can reasonably be assumed, supports the classification.[9] If the question is at least debatable, the classification must be upheld.[10]
 {¶ 13} In the case at bar, we hold that the classification bears some rational relationship to a legitimate state interest. First, the very fact that age is not a suspect classification could have justified the legislature's decision to restrict the availability of a remedy for age discrimination by enacting a shorter limitations period for age discrimination than for discrimination claims based upon suspect classes, such as race. Such a restriction, as Western and Southern suggests, would advance the legitimate state interest of freeing crowded court dockets for types of discrimination that the legislature and the courts have deemed to be worthy of greater scrutiny. Moreover, the Supreme Court of Ohio, while not expressly discussing the constitutionality of the shorter limitations period, has recognized that the decision to enact more stringent procedural requirements for age-discrimination claims is within the purview of the legislature.[11] Under these circumstances, we hold that Schamer failed to prove beyond a reasonable doubt that R.C.4112.02(N) is unconstitutional.
 {¶ 14} Accordingly, we hold that the trial court correctly dismissed the age-discrimination cause of action as untimely. Given our holding concerning the statute of limitations, we need not address Schamer's claim that the trial court's dismissal on the basis of the election-of-remedies issue was erroneous.
 {¶ 15} We now turn to Schamer's argument that the trial court erred in dismissing her libel claim. Schamer first argues that her allegations of unconscionability rendered the dismissal of the libel claim erroneous. We agree.
 {¶ 16} The doctrine of unconscionability exists to prevent oppression and unfair surprise.[12] "Oppression" refers to burdensome or punitive terms of a contract, whereas "unfair surprise" refers to unconscionability in the formation of the contract, where one of the parties is overborne by superior bargaining power or is otherwise unfairly induced into entering into the contract.[13]
 {¶ 17} As is evident from the definitions of the two types of unconscionability, an inquiry into whether the doctrine applies involves questions of law and fact that cannot generally be decided on a motion to dismiss pursuant to Civ.R. 12(B)(6). Here, Schamer alleged that the release was executed as a condition of her employment and raised other issues questioning the fairness of the release. And while we express no opinion as to the ultimate merit of Schamer's claim of unconscionability, we hold that the dismissal of the libel claim was improper.
 {¶ 18} In a similar vein, Schamer argues that the trial court erred in dismissing the libel claim because there were allegations that the parties had not intended to insulate Western and Southern from liability for maliciously false statements. Again, we agree. The intent of the parties in executing a release is generally a question of fact.[14] Among the factors to be considered are the presence or absence of negotiation, whether the injuries were known at the time the release was executed, and the adequacy of consideration.[15]
 {¶ 19} Given Schamer's allegations that the parties had not intended to release Western and Southern from liability for false statements in the Form U-5, we hold that the dismissal under Civ. R. 12(B)(6) was erroneous. Although we recognize the broad language of the release and again emphasize that we express no opinion as to the ultimate issue of the parties' intent, Schamer's allegations were sufficient to withstand a motion under Civ.R. 12(B)(6).
 {¶ 20} Accordingly, we affirm the portion of the trial court's judgment dismissing the age-discrimination claim. We reverse the trial court's dismissal of the libel claim and remand the cause for further proceedings consistent with law and this decision.
Judgment accordingly.
Winkler, P.J., and Doan, J., concur.
[1] Schamer did not contend that the limitations period applicable to R.C. 4112.14 actions controlled in the case at bar, apparently abandoning her cause of action under that statutory section.
[2] O'Brien v. University Community Tenants Union, Inc.
(1975), 42 Ohio St.2d 242, 327 N.E.2d 753, syllabus.
[3] Tri-State Computer Exchange, Inc. v. Burt, 1st Dist. No. C-020345, 2003-Ohio-3197, at ¶ 12.
[4] Id. See, also, Velotta v. Leo Petronzio Landscaping, Inc.
(1982), 69 Ohio St.2d 376, 433 N.E.2d 147, paragraph three of the syllabus.
[5] Tri-State Computer, supra, at ¶ 11.
[6] Klein v. Leis, 99 Ohio St.3d 537, 2003-Ohio-4779,795 N.E.2d 633, at ¶ 4, quoting Arnold v. Cleveland (1993),67 Ohio St.3d 35, 38, 616 N.E.2d 163.
[7] Arnold, supra, at 39, 616 N.E.2d 163.
[8] See State ex rel. Keefe v. Eyrich (1986),22 Ohio St.3d 164, 165-166, 489 N.E.2d 259.
[9] See Singer v. Cincinnati (1990), 57 Ohio App.3d 1,566 N.E.2d 190, fn. 1.
[10] Id., citing United States v. Carolene Products Co.
(1938), 304 U.S. 144, 58 S.Ct. 778.
[11] See, e.g., Smith v. Friendship Village of Dublin,92 Ohio St.3d 503, 2001-Ohio-1272, 751 N.E.2d 1010, and Oker v.Ameritech Corp., 89 Ohio St.3d 223, 224, 2000-Ohio-139,729 N.E.2d 1177.
[12] See Information Leasing Corp. v. GDR Investments, Inc.,152 Ohio App.3d 260, 2003-Ohio-1366, 787 N.E.2d 652, at ¶ 20.
[13] Id.
[14] Lutzick v. Bentzen (1996), 115 Ohio App.3d 239, 242-243,685 N.E.2d 258.
[15] Id. at 243, 685 N.E.2d 258.