FIVE STAR FINANCIAL CORPORATION et al., Appellants,

v.

MERCHANT'S BANK & TRUST COMPANY et al., Appellees.

[Cite as *Five Star Fin. Corp. v. Merchant's Bank & Trust Co.*, 192 Ohio App.3d 544, 2011-Ohio-314.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–100187.

Decided Jan. 28, 2011.

---

Eric C. Deters & Associates, P.S.C., Eric C. Deters, and Charles T. Lester Jr., for appellants.

Ulmer & Berne, L.L.P., John M. Hands, and Jesse R. Lipcius, for appellees.

SYLVIA S. HENDON, Judge.

{¶ 1} This is an appeal from the trial court's order granting the motion of the defendants-appellees, Merchant's Bank and Trust Company, Don Patterson, Paul Silva, and Mark Sams (collectively referred to as "Merchant's"), to dismiss a lawsuit filed by plaintiffs-appellants Steven Winter and Five Star Financial Corporation ("Five Star").

{¶ 2} Winter is the president of Five Star, a licensed mortgage broker and mortgage lender. Five Star funded commercial loans and residential mortgages. These loans were funded through Winter's personal assets or through lines of credit secured at various banks.

{¶ 3} In 2003, Five Star and Merchant's had entered into a loan agreement and promissory note in which Merchant's had extended Five Star a $1 million line of credit. A new note was executed between the parties in 2004. In this 2004 note, Merchant's provided Five Star with a $2 million revolving line of credit. This note also contained a cognovit provision. Along with the note, Winter executed a guaranty provision in which he guaranteed full payment of all Five Star's obligations to Merchant's.

{¶ 4} The 2004 note was modified and extended by the parties on four occasions. The second and third modifications of the note contained cognovit provisions. And the fourth modification, which was executed in June 2007, contained a release of any and all claims against Merchant's by Five Star.

{¶ 5} Five Star financed various loans and mortgages on the 2004 note and its subsequent modifications. But in 2007, Five Star defaulted on its obligations to Merchant's. Merchant's filed suit against Five Star in the case numbered A–0800266 and obtained a judgment against Five Star under a cognovit provision.

{¶ 6} During that litigation, Five Star filed suit against Merchant's in the case numbered A–0911042. That case was consolidated with the case numbered A–0800266. Five Star raised the following claims in its complaint against Merchant's: fraud, fraud in the inducement, breach of fiduciary duty, two counts of negligence, intentional infliction of emotional distress, and intentional interference with business relations.

{¶ 7} Five Star had filed Civ.R. 60(B) motions for relief from the cognovit judgment obtained against it. Following the trial court's denial of the motions for relief for judgment, Merchant's filed a motion to dismiss all claims raised in Five Star's complaint pursuant to Civ.R. 12(B)(6). Merchant's argued that Five Star's claims had to be dismissed for the following reasons: Winter had executed

a release in the final modification of the 2004 note; the doctrine of collateral estoppels applied; the statute of limitations applied as a bar; and Merchant's owed no duty to Five Star. The trial court granted Merchant's motion to dismiss, and the present appeal ensued.

{¶ 8} In one assignment of error, Five Star now argues that the trial court's dismissal of its complaint was in error.

### Standard of Review

{¶ 9} We review a Civ.R. 12(B)(6) dismissal de novo.[1] We must take all allegations in the complaint as true, and all reasonable inferences must be drawn in favor of the plaintiff. A motion to dismiss is properly granted only if the plaintiff can prove no set of facts that would entitle it to relief.[2]

### Release

{¶ 10} We first consider whether dismissal of Five Star's complaint was appropriate based on the release signed by Winter.

{¶ 11} The fourth and final modification of the 2004 note contained a paragraph releasing Merchant's from any and all claims brought by Five Star and Winter relating to the 2004 note and any of its modifications. Merchant's argues that based on this release, the trial court properly dismissed Five Star's complaint. But Five Star argues that the dismissal was improper because the release was both procedurally and substantively unconscionable.

{¶ 12} The doctrine of unconscionability is designed to prevent oppression and unfair surprise.[3] This court has previously explained these terms. " 'Oppression' refers to burdensome or punitive terms of a contract, whereas 'unfair surprise' refers to unconscionability in the formation of the contract, where one of the parties is overborne by superior bargaining power or is otherwise unfairly induced into entering into the contract." [4]

{¶ 13} As this court has noted, "[a]s is evident from the definitions of the two types of unconscionability, an inquiry into whether the doctrine applies involves questions of law and fact that cannot generally be decided on a motion to dismiss pursuant to Civ.R. 12(B)(6)." [5] Here, Five Star has alleged that a conflict

---

1. *Battersby v. Avatar, Inc.*, 157 Ohio App.3d 648, 2004-Ohio-3324, 813 N.E.2d 46, ¶ 5.

2. Id.

3. *Schamer v. W. & S. Life Ins. Co.*, 1st Dist. No. C–040057, 2004-Ohio-4249, 2004 WL 1800727, ¶ 16.

4. Id.

5. Id. at ¶ 17.

of interest existed with the law firm used to execute the 2004 note and its modifications. Five Star alleges that this conflict of interest rendered the 2004 note and subsequent modifications, including the release, procedurally unconscionable. Five Star further asserts that the differences in terms between the 2003 note and the 2004 note demonstrate substantive unconscionability.

{¶ 14} Given Five Star's allegations, we hold that the release cannot serve as a basis to support a dismissal under Civ.R. 12(B)(6). Questions of fact exist concerning the execution of the release, and, consequently, the issue cannot be decided on a motion to dismiss. We emphasize that our decision has no bearing on the ultimate merits of Five Star's claims of unconscionability and is based solely on the standard of review applicable to a Civ.R. 12(B)(6) dismissal.

### Collateral Estoppel

{¶ 15} We next consider whether dismissal of certain claims in Five Star's complaint was appropriate based on the doctrine of collateral estoppel.

{¶ 16} Merchant's argues that because the trial court denied Five Star's Civ.R. 60(B) motions for relief from judgment, Five Star is collaterally estopped from pursuing its claims for fraud and fraud in the inducement. According to Merchant's, Five Star's motions for relief from judgment raised allegations identical to those contained in its complaint for these claims. Merchant's argues that in denying the motions for relief from judgment, the trial court necessarily considered and ruled against Five Star on these claims and that Five Star is accordingly collaterally estopped from pursuing them.

{¶ 17} To successfully rely on the doctrine of collateral estoppel, a party must prove that "(1) [t]he party against whom estoppel is sought was a party or in privity with a party to the prior action; (2) there was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; (3) the issue must have been admitted or actually tried and decided and must be necessary to the final judgment; and (4) the issue must have been identical to the issue involved in the prior suit." [6]

{¶ 18} Collateral estoppel is also referred to as issue preclusion, and it constitutes one aspect of res judicata.[7] Both this court and the Ohio Supreme Court have addressed whether a motion to dismiss may properly be granted based on res judicata. And both courts have determined that a res judicata argument is not appropriate in a Civ.R. 12(B)(6) motion to dismiss.[8] This court

---

6. *LaBonte v. LaBonte* (1988), 61 Ohio App.3d 209, 216, 572 N.E.2d 704.

7. Id.

8. See *State ex rel. Felson v. McHenry* (2001), 146 Ohio App.3d 542, 545, 767 N.E.2d 298. See also *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 579 N.E.2d 702.

has stated that "[t]he defense of res judicata, however, may not be raised by a motion to dismiss under Civ.R. 12(B). As res judicata is an affirmative defense, it must be set forth in the answer to a pleading and is properly raised in a summary judgment motion filed pursuant to Civ.R. 56." [9]

{¶ 19} Consequently, we must conclude that the doctrine of collateral estoppel cannot serve as a basis to support the dismissal of the claims for fraud and fraud in the inducement contained in Five Star's complaint. Again, we express no opinion as to whether the doctrine may ultimately be invoked to bar Five Star's claims. We solely conclude that a Civ.R. 12(B)(6) motion to dismiss is not the appropriate vehicle in which to raise this argument.

### Statute of Limitations

{¶ 20} We next consider whether Five Star's claim for fraud was properly dismissed because the statute of limitations had expired.

{¶ 21} The fraud claim concerns the execution of the 2004 note. With respect to this claim, Five Star asserted that the use by Merchant's of a cognovit provision, its misrepresentation of the role of the law firm overseeing the note's execution, and the note's provision changing the governing law from Indiana to Ohio constituted fraud in the execution of the note. It is appropriate for us to discuss the allegations surrounding this claim in detail.

{¶ 22} According to Five Star's complaint, Merchant's required that Winter use the services of the Thompson Hine law firm to prepare the closing documents for the 2004 note. Winter raised no objection to this requirement, as the Thompson Hine firm had previously represented Five Star in other actions. Winter concedes in his complaint that he failed to read the entire loan document presented to him. Rather, he asserts, he relied on the representations of a Thompson Hine attorney that the 2004 document contained essentially the same terms as the document that the parties had executed in 2003. He did so because he was unaware that Thompson Hine also represented Merchant's. Winter further alleged that a Thompson Hine attorney informed him that a cognovit provision did not provide Merchant's with any additional rights against him.

{¶ 23} A four-year statute of limitations applies to claims for fraud.[10] But the limitations period does not begin to run until the fraud is discovered.[11] This court has previously addressed whether a statute-of-limitations argument may

9. *State ex rel. Felson v. McHenry* at 545.

10. R.C. 2305.09.

11. Id.

support a dismissal under Civ.R. 12(B)(6).[12]   We have stated that "[b]ecause statute-of-limitation issues generally involve mixed questions of law and fact, Civ.R. 12(B)(6) is usually not the appropriate vehicle for challenging a complaint on that ground.   Still, a motion to dismiss based upon the bar of the statute of limitations may be granted where the complaint shows definitively on its face that the action is time-barred." [13]

{¶ 24} The alleged fraud in this case occurred in 2004.   And Five Star's complaint was filed in 2009, beyond the applicable four-year limitations period. To avoid the bar of the limitations period, Five Star argues that the alleged fraud continued into 2007, with each modification of the 2004 note.   We cannot agree. Following our review of the record, we conclude that Five Star's complaint is devoid of any allegations of this nature.

{¶ 25} The thrust of Five Star's fraud claim is that Winter failed to read the 2004 note in its entirety, instead relying on representations from Thompson Hine when he decided to sign the note.   But a party's failure to read the relevant documents does not toll the limitations period for a fraud claim.   " 'A person of ordinary mind cannot say that he was misled into signing a paper which was different from what he intended to sign when he could have known the truth by merely looking when he signed.' "[14]

{¶ 26} Five Star argues that this case is distinguishable from other cases in which a party failed to read documents prior to signing.   Specifically, Five Star asserts that when it elected not to read the documents, it relied on the representations of Thompson Hine, whose conflict of interest had been concealed by Merchant's.   We are not persuaded.   Five Star's allegations concerning the misrepresentations of Thompson Hine are not relevant to a claim of fraud against Merchant's.

{¶ 27} Here, the alleged fraud occurred in 2004 and could have been prevented had Winter read the 2004 note in its entirety.   Five Star asserted this claim beyond the limitations period, and it was properly dismissed by the trial court.

### Was there a Fiduciary Relationship?

{¶ 28} We now consider whether Five Star's claim for breach of fiduciary duty was properly dismissed on the ground that Merchant's owed no fiduciary duty to Five Star.   We hold that it was.

---

12.   *Schamer v. W. & S. Life Ins. Co.*, 2004-Ohio-4249, at ¶ 9.

13.   Id.

14.   *Provident Bank v. Adriatic, Inc.*, 12th Dist. No. CA2004–12–108, 2005-Ohio-5774, 2005 WL 2840741, ¶ 19, quoting *Dice v. Akron, Canton & Youngstown RR. Co.* (1951), 155 Ohio St. 185, 191, 44 O.O. 162, 98 N.E.2d 301.

{¶ 29} In its complaint, Five Star alleges that because Merchant's had final approval of all loans funded through Five Star, Merchant's had substantial control over Five Star's business activities and consequently owed Five Star a fiduciary duty. Five Star asserts that Merchant's breached that duty by requiring the use of a law firm with a conflict of interest; by inserting a cognovit provision into the parties' agreement; by changing the law governing the promissory note from Indiana to Ohio; and by failing to properly investigate the circumstances surrounding particular loan requests.

{¶ 30} A fiduciary relationship has been defined as "a relationship 'in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust.' "[15] Generally, the relationship between a debtor and creditor, without more, is not a fiduciary one.[16]

{¶ 31} Here, the requirement that Merchant's approve all loans funded by Five Star did not transform a debtor-creditor relationship into a fiduciary relationship. Merchant's bargained for the power to approve loans funded by Five Star to protect its own interests. The parties continued to interact in a commercial context, and they acted primarily on their own behalf, not for the benefit of the other.[17]

{¶ 32} Because Merchant's and Five Star did not have a fiduciary relationship, the claim for breach of fiduciary duty was properly dismissed.

### Summary

{¶ 33} The trial court properly dismissed Five Star's claim for fraud because the statute of limitations for that claim had run. And the court properly dismissed Five Star's claim for breach of fiduciary duty, as no fiduciary relationship existed between Five Star and Merchant's.

{¶ 34} But neither the release executed by Five Star nor the doctrine of collateral estoppel supported dismissal of the remaining claims against Merchant's under Civ.R. 12(B)(6). Consequently, the trial court erred in granting Merchant's motion to dismiss with respect to Five Star's claims of fraud in the inducement, negligence, intentional infliction of emotional distress, and intentional interference with business relations. Five Star's assignment of error is sustained

---

**15.** *Ed Schory & Sons, Inc. v. Francis* (1996), 75 Ohio St.3d 433, 442, 662 N.E.2d 1074, quoting *In re Termination of Emp. of Pratt* (1974), 40 Ohio St.2d 107, 115, 69 O.O.2d 512, 321 N.E.2d 603.

**16.** *Star Bank v. Jackson* (Dec. 1, 2000), 1st Dist. No. C–000242, 2000 WL 1760513.

**17.** See *Ed Schory & Sons, Inc. v. Francis,* 75 Ohio St.3d at 443, 662 N.E.2d 1074.

in part and overruled in part. The trial court's judgment is accordingly reversed with respect to the claims of fraud in the inducement, negligence, intentional infliction of emotional distress, and intentional interference with business relations, and this cause is remanded for further proceedings on those claims consistent with this decision. In all other respects, the judgment is affirmed.

> Judgment affirmed in part
> and reversed in part,
> and cause remanded.

HILDEBRANDT, P.J., and DINKELACKER, J., concur.